UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
NIA JASMINE REYNOLDS                                         COMPLAINT

                                   Plaintiff,                JURY DEMAND

        -against-

THE CITY OF NEW YORK; KWESI VIDALE aka SHAWN WHITE
and ROHAN L. SHAW

                                   Defendants
-----------------------------------------------------------------------x

The Plaintiff NIA JASMINE REYNOLDS through her attorney THE SANDERS FIRM, P.C., files this federal complaint against Defendants' THE CITY OF NEW YORK; KWESI VIDALE aka SHAWN WHITE and ROHAN L. SHAW.

## INTRODUCTION

This is a federal civil rights action about institutional failures within Defendant THE CITY OF NEW YORK that although it received repeated reports of motor vehicle accidents and complaints of ongoing speeding along Foster Avenue, an area comprised of ninety-five (95) percent Black residents that it could have implemented roadway design changes in the form of traffic calming measures to deter speeding, and that it failed to conduct a study of whether traffic calming measures were appropriate and therefore failed to implement any such measures.

Plaintiff NIA JASMINE REYNOLDS alleges that Defendant THE CITY OF NEW YORK'S failure to implement traffic calming devices along Foster Avenue enabled Defendant ROHAN L. SHAW to operate his 2019 Nissan Sedan BEEF New York Registration in an intoxicated condition traveling in excess of 70 miles per hour, then colliding with a 2016 Mazda Sedan JKX 4145 New York Registration operated by Defendant KWESI VIDALE aka SHAWN WHITE at the corner of East 55th Street instantly killing Ms. Joanna Dixon and seriously injuring

plaintiff.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

   a. the Civil Rights Act of 1871, 42 U.S.C. § 1983;

   b. Negligence Per Se; and

   c. Negligence

## PLAINTIFF NIA JASMINE REYNOLDS

2. Plaintiff NIA JASMINE REYNOLDS is a female citizen, over twenty-one (21) and resides in Kings County.

## DEFENDANTS'

3. Defendant THE CITY OF NEW YORK is a municipal corporation with its central offices in the county of New York.

4. Defendant KWESI VIDALE aka SHAWN WHITE is over twenty-one (21) and resides in Kings County.

5. Defendant ROHAN L. SHAW is over twenty-one (21) and resides in Queens County.

## BACKGROUND

6. Plaintiff NIA JASMINE REYNOLDS alleges that in 2006, Defendant ROHAN L. SHAW was arrested for driving while under the influence.

7. Plaintiff NIA JASMINE REYNOLDS alleges that according to the Census Tract 094401 the area of Foster Avenue and East 55th Street consists of ninety-five (95) percent Black residents.

8.     Plaintiff NIA JASMINE REYNOLDS alleges that on Foster Avenue from Kings Highway to Ralph Avenue, over the past few years there were 124 fatalities and 23,958 injuries yet Defendant THE CITY OF NEW YORK has not implemented traffic calming devices.

9.     Plaintiff NIA JASMINE REYNOLDS alleges that on or about December 7, 2019, she met with friends for a birthday party at Tao Uptown 42 East 58th Street New York, N.Y. 10022.

10.    Plaintiff NIA JASMINE REYNOLDS alleges that among the guests were Ms. Joanna Dixon and Defendant KWESI VIDALE aka SHAWN WHITE.

11.    Plaintiff NIA JASMINE REYNOLDS alleges that she met with Defendant KWESI VIDALE aka SHAWN WHITE once before in the summer of 2019.

12.    Plaintiff NIA JASMINE REYNOLDS alleges that the party continued until approximately 12 midnight.

13.    Plaintiff NIA JASMINE REYNOLDS alleges that she consumed no alcohol during dinner.

14.    Plaintiff NIA JASMINE REYNOLDS alleges that she does not recall if Defendant KWESI VIDALE aka SHAWN WHITE consumed any alcohol as she was not paying close attention to him.

15.    Plaintiff NIA JASMINE REYNOLDS alleges that she and Ms. Joanna Dixon left Tao Uptown and headed to Jouvay Night Club 147-02 Liberty Avenue Jamaica, N.Y. 11435. She rode in another friend's motor vehicle. Ms. Dixon rode with PJ and Defendant KWESI VIDALE aka SHAWN WHITE.

16.    Plaintiff NIA JASMINE REYNOLDS alleges that on or about December 8, 2019, the group remained until approximately 2:30 or 3:00 AM.

17. Plaintiff NIA JASMINE REYNOLDS alleges that she consumed alcohol but, does not know if Defendant KWESI VIDALE aka SHAWN WHITE consumed any alcohol.

18. Plaintiff NIA JASMINE REYNOLDS left with Defendant KWESI VIDALE aka SHAWN WHITE, PJ and Ms. Dixon. She was seated in the rear passenger seat directly behind Defendant KWESI VIDALE aka SHAWN WHITE.

19. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant KWESI VIDALE aka SHAWN WHITE was operating a 2016 Mazda Sedan JKX 4145 New York Registration.

20. Plaintiff NIA JASMINE REYNOLDS alleges that the group headed to New York Tracks Café 1556 Ralph Avenue Brooklyn, N.Y. 11236.

21. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant KWESI VIDALE aka SHAWN WHITE was operating his vehicle normally and did not appear to be impaired.

22. Plaintiff NIA JASMINE REYNOLDS alleges that the group remained until approximately 4:00 AM.

23. Plaintiff NIA JASMINE REYNOLDS alleges that around 4:00 AM, she left New York Tracks Café with Defendant KWESI VIDALE aka SHAWN WHITE, Chadine, PJ and Mis. Dixon. She was seated in the rear passenger seat directly behind Defendant KWESI VIDALE aka SHAWN WHITE.

24. Plaintiff NIA JASMINE REYNOLDS alleges that after dropping Chadine off, she informed us that she left her purse at New York Tracks Café, so they returned to the location to retrieve her purse.

25. Plaintiff NIA JASMINE REYNOLDS alleges that after Ms. Dixon was able to retrieve Chadine's purse, they headed towards plaintiff's home.

26. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant KWESI VIDALE

aka SHAWN WHITE was traveling northbound on East 55th Street.

27. Plaintiff NIA JASMINE REYNOLDS alleges that East 55th Street has two stop signs at the intersection.

28. Plaintiff NIA JASMINE REYNOLDS alleges that Foster Avenue does not have a traffic control device or traffic calming devices.

29. Plaintiff NIA JASMINE REYNOLDS alleges that as Defendant KWESI VIDALE aka SHAWN WHITE rolled through the stop sign, attempted to make a left hand turn onto the westbound side of Foster Avenue, Defendant ROHAN L. SHAW operating his 2019 Nissan Sedan BEEF New York Registration in an intoxicated condition traveling in excess of seventy (70) miles per hour, collided with the driver side of Defendant KWESI VIDALE aka SHAWN WHITE'S motor vehicle.

30. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant KWESI VIDALE aka SHAWN WHITE'S motor vehicle came to a final rest on the northbound sidewalk of Foster Avenue.

31. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW'S motor vehicle came to a final rest just east of the intersection of Foster Avenue and East 55th Street.

32. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant KWESI VIDALE aka SHAWN WHITE fled the motor vehicle accident without rendering medical aid for her or Ms. Dixon.

33. Plaintiff NIA JASMINE REYNOLDS alleges that Ms. Dixon was removed to Brookdale Hospital via FDNY Ambulance No.: 58D where she was pronounced dead.

34. Plaintiff NIA JASMINE REYNOLDS alleges that she was transported to Kings

County Hospital.

35. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW was arrested for violating VTL 1192.

36. Plaintiff NIA JASMINE REYNOLDS alleges that when the accident occurred, neither she nor Ms. Dixon were wearing a seatbelt.

37. Plaintiff NIA JASMINE REYNOLDS alleges that she has no memory of the impact.

38. Plaintiff NIA JASMINE REYNOLDS alleges that she recalls awakening inside of Kings County Hospital as the medical personnel informed her that they needed to perform emergency surgery.

39. Plaintiff NIA JASMINE REYNOLDS alleges that she underwent a five-hour-long surgery to repair a crushed pelvis and a fractured sacrum.

40. Plaintiff NIA JAMSINE REYNOLDS alleges that she also suffered bleedings on the brain, a fractured skull, a left sphenoid sinus fracture, a right maxillary sinus fracture, right orbital wall fractures (superior and lateral), a fracture left clavicle, four broken ribs, liver laceration, lung contusions and other related injuries.

41. Plaintiff NIA JASMINE REYNOLDS alleges that she also suffers from hearing loss and frequent ringing in her right ear caused by a build-up of blood and cerumen.

42. Plaintiff NIA JASMINE REYNOLDS alleges that she remained hospitalized from December 8, 2019 through December 28, 2019.

43. Plaintiff NIA JASMINE REYNOLDS alleges that since the accident, she has been unable to bear any weight on her legs or perform independently most regular daily tasks.

44. Plaintiff NIA JASMINE REYNOLDS alleges that while hospitalized, she learned

Ms. Dixon passed away due to the motor vehicle accident.

45. Plaintiff NIA JASMINE REYNOLDS alleges that she also learned Defendant KWESI VIDALE aka SHAWN WHITE fled the scene.

46. Plaintiff NIA JASMINE REYNOLDS alleges that on or about December 9, 2019, although Defendant ROHAN L. SHAW was initially charged with criminally negligent homicide, vehicular manslaughter, reckless driving, speeding and driving while impaired by alcohol, the Office of the District Attorney for Kings County declined to prosecute and claims to have been "continuing to investigate."

47. Plaintiff NIA JASMINE REYNOLDS alleges that upon information and belief, the initial determination that Defendant ROHAN L. SHAW was intoxicated proved to be invalid inconsistent calibration problems with the Preliminary Breath Test machine.

48. Plaintiff NIA JASMINE REYNOLDS alleges that upon information and belief, there was a significant delay seeking a search warrant to obtain Defendant ROHAN L. SHAW'S blood to establish legal intoxication.

49. Plaintiff NIA JASMINE REYNOLDS alleges that the aforementioned have the indicia of covering up Defendant ROHAN L. SHAW'S criminal conduct.

50. Plaintiff NIA JASMINE REYNOLDS alleges that on or about December 27, 2019, members of the NYPD Collision Investigation Squad showed her a picture of Defendant KWESI VIDALE aka SHAWN WHITE. She knows him as SHAWN WHITE.

51. Plaintiff NIA JASMINE REYNOLDS alleges that she has sustained a serious injury as defined in New York State Insurance Law § 5102(d).

52. Plaintiff NIA JASMINE REYNOLDS alleges that the limitations on liability set forth in New York Civil Practice Law and Rules § 1601 do not apply to this action.

53. Plaintiff NIA JASMINE REYNOLDS alleges that Defendants' THE CITY OF NEW YORK; KWESI VIDALE aka SHAWN WHITE and ROHAN L. SHAW are liable for her serious injuries, related costs and damages.

## COUNT I
## MONELL CLAIM
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

54. Plaintiff NIA JASMINE REYNOLDS re-alleges Paragraphs 1 through 53 and incorporates them by reference as Paragraphs 1 through 53 of Count I of this Complaint.

55. Plaintiff NIA JASMINE REYNOLDS alleges Defendant THE CITY OF NEW YORK through its agents acting in a proprietary capacity although it received repeated reports of motor vehicle accidents and complaints of ongoing speeding along Foster Avenue, an area comprised of ninety-five (95) percent Black residents that it could have implemented roadway design changes in the form of traffic calming measures to deter speeding, and that it failed to conduct a study of whether traffic calming measures were appropriate and therefore failed to implement any such measures.

56. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant THE CITY OF NEW YORK'S failure to implement traffic calming devices along Foster Avenue enabled Defendant ROHAN L. SHAW to operate his 2019 Nissan Sedan BEEF New York Registration in an intoxicated condition traveling in excess of seventy (70) miles per hour, then colliding with a 2016 Mazda Sedan JKX 4145 New York Registration operated by Defendant KWESI VIDALE aka SHAWN WHITE at the corner of East 55th Street instantly killing Ms. Joanna Dixon and seriously injuring plaintiff.

57. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant THE CITY OF NEW YORK in acting to deprive her of her constitutional rights, acted intentionally, knowingly,

willfully, and with gross disregard of her rights.

58. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant THE CITY OF NEW YORK'S actions under color of law, caused her to sustain significant damages, including serious physical injuries, loss of income and other related costs and damages.

## COUNT II
## OBSTRUCTION OF JUSTICE
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

59. Plaintiff NIA JASMINE REYNOLDS re-alleges Paragraphs 1 through 58 and incorporates them by reference as Paragraphs 1 through 58 of Count II of this Complaint.

60. Plaintiff NIA JASMINE REYNOLDS alleges that following the motor vehicle accident, agents of Defendant THE CITY OF NEW YORK through the Police Department City of New York acting in their official capacities, individually and collectively engaged in actions to obstruct justice and deprive plaintiff of her civil rights.

61. Plaintiff NIA JASMINE REYNOLDS alleges that following the motor vehicle accident, agents of Defendant THE CITY OF NEW YORK through the Police Department City of New York failed to properly record and/or conceal evidence of Defendant ROHAN L. SHAW'S criminal conduct.

62. Plaintiff NIA JASMINE REYNOLDS alleges that following the motor vehicle accident, agents of Defendant THE CITY OF NEW YORK through the Police Department City of New York failed to properly record and/or conceal evidence to ensure Defendant ROHAN L. SHAW would not be prosecuted for his criminal conduct.

63. Plaintiff NIA JASMINE REYNOLDS alleges that following the motor vehicle accident, agents of Defendant THE CITY OF NEW YORK through the Police Department City of New York failed to timely and appropriately record and/or document Defendant ROHAN L.

SHAW'S blood alcohol level.

## COUNT III
## NEGLIGENCE PER SE
### Defendant KWESI VIDALE aka SHAWN WHITE

64. Plaintiff NIA JASMINE REYNOLDS re-alleges Paragraphs 1 through 63 and incorporates them by reference as Paragraphs 1 through 63 of Count III of this Complaint.

65. Plaintiff NIA JASMINE REYNOLDS alleges that at all relevant times Defendant KWESI VIDALE aka SHAWN WHITE owed a duty to comply with applicable statutes, regulations and rules related to the safe operation of a motor vehicle in the state of New York.

66. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant KWESI VIDALE aka SHAWN WHITE'S operation and use of the vehicle he was driving violated several sections of the New York State Vehicle and Traffic Law for the protection of public safety, including but not limited to Disobey Stop Sign § 1172(a), Failure to Yield Right of Way § 1142(a) and Leaving the Scene of Accident §600 (2)(a).

67. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant KWESI VIDALE aka SHAWN WHITE breached this duty while operating a 2016 Mazda Sedan JKX 4145 New York Registration when he failed to stop sign at the corner of East 55th Street and Foster Avenue, then failing to yield the right of way to the eastbound traffic on Foster Avenue causing a collision with Defendant ROHAN L. SHAW, then leaving scene, failing to render aid to plaintiff and reporting the accident to the police.

68. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant KWESI VIDALE aka SHAWN WHITE'S negligence caused her to sustain bleedings on the brain, a fractured skull, a left sphenoid sinus fracture, a right maxillary sinus fracture, right orbital wall fractures (superior and lateral), a fracture left clavicle, four broken ribs, liver laceration, lung contusions

and other related injuries.

69. Plaintiff NIA JASMINE REYNOLDS alleges that she also suffers from hearing loss and frequent ringing in her right ear caused by a build-up of blood and cerumen.

70. Plaintiff NIA JASMINE REYNOLDS alleges that she remained hospitalized from December 8, 2019 through December 28, 2019.

71. Plaintiff NIA JASMINE REYNOLDS alleges that since the accident, she has been unable to bear any weight on her legs or perform independently most regular daily tasks.

72. Plaintiff NIA JASMINE REYNOLDS alleges that at the time of the accident, she was a member of the class intended to benefit by the aforementioned statutes.

73. Plaintiff NIA JASMINE REYNOLDS alleges that at the time of the accident, the aforementioned statutes are intended to protect against the very hazards that caused her injuries.

## COUNT IV
## NEGLIGENCE PER SE
### Defendant ROHAN L. SHAW

74. Plaintiff NIA JASMINE REYNOLDS re-alleges Paragraphs 1 through 73 and incorporates them by reference as Paragraphs 1 through 73 of Count IV of this Complaint.

75. Plaintiff NIA JASMINE REYNOLDS alleges that at all relevant times Defendant ROHAN L. SHAW owed a duty to comply with applicable statutes, regulations and rules related to the safe operation of a motor vehicle in the state of New York.

76. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW'S operation and use of the vehicle he was operating violated several sections of the New York State Vehicle and Traffic Law and Penal Law for the protection of public safety, including but not limited to Aggravated Vehicular Assault, Penal Law § 120.04(a), Reckless Endangerment in the First Degree, Penal Law § 120.25, Driving While Intoxicated, Vehicle and

Traffic Law § 1192.3, Speeding in Excess of fifty-five (55) miles per hour, Vehicle and Traffic Law § 1180(b) and Reckless Driving, Vehicle and Traffic Law § 1212.

77. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW breached this duty while operating his 2019 Nissan Sedan BEEF New York Registration in an intoxicated condition traveling in excess of seventy (70) miles per hour, colliding with a 2016 Mazda Sedan JKX 4145 New York Registration operated by Defendant KWESI VIDALE aka SHAWN WHITE at the corner of East 55th Street instantly killing Ms. Joanna Dixon and seriously injuring plaintiff.

78. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW'S negligence caused her to sustain bleedings on the brain, a fractured skull, a left sphenoid sinus fracture, a right maxillary sinus fracture, right orbital wall fractures (superior and lateral), a fracture left clavicle, four broken ribs, liver laceration, lung contusions and other related injuries.

79. Plaintiff NIA JASMINE REYNOLDS alleges that she also suffers from hearing loss and frequent ringing in her right ear caused by a build-up of blood and cerumen.

80. Plaintiff NIA JASMINE REYNOLDS alleges that she remained hospitalized from December 8, 2019 through December 28, 2019.

81. Plaintiff NIA JASMINE REYNOLDS alleges that since the accident, she has been unable to bear any weight on her legs or perform independently most regular daily tasks.

82. Plaintiff NIA JASMINE REYNOLDS alleges that at the time of the accident, she was a member of the class intended to benefit by the aforementioned statutes.

83. Plaintiff NIA JASMINE REYNOLDS alleges that at the time of the accident, the aforementioned statutes are intended to protect against the very hazards that caused her injuries.

## COUNT V
## NEGLIGENCE
## Defendant KWESI VIDALE aka SHAWN WHITE

84. Plaintiff NIA JASMINE REYNOLDS re-alleges Paragraphs 1 through 83 and incorporates them by reference as Paragraphs 1 through 83 of Count V of this Complaint.

85. Plaintiff NIA JASMINE REYNOLDS alleges that at all relevant times Defendant KWESI VIDALE aka SHAWN WHITE owed her a cognizable duty of care related to the safe operation of a motor vehicle in the state of New York.

86. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant KWESI VIDALE aka SHAWN WHITE breached this duty while operating a 2016 Mazda Sedan JKX 4145 New York Registration when he failed to stop sign at the corner of East 55th Street and Foster Avenue, then failing to yield the right of way to the eastbound traffic on Foster Avenue causing a collision with Defendant ROHAN L. SHAW, then leaving scene, failing to render aid to plaintiff and reporting the accident to the police.

87. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant KWESI VIDALE aka SHAWN WHITE'S negligence caused her to sustain bleedings on the brain, a fractured skull, a left sphenoid sinus fracture, a right maxillary sinus fracture, right orbital wall fractures (superior and lateral), a fracture left clavicle, four broken ribs, liver laceration, lung contusions and other related injuries.

88. Plaintiff NIA JASMINE REYNOLDS alleges that she also suffers from hearing loss and frequent ringing in her right ear caused by a build-up of blood and cerumen.

89. Plaintiff NIA JASMINE REYNOLDS alleges that she remained hospitalized from December 8, 2019 through December 28, 2019.

90. Plaintiff NIA JASMINE REYNOLDS alleges that since the accident, she has

been unable to bear any weight on her legs or perform independently most regular daily tasks.

## COUNT VI
## NEGLIGENCE
### Defendant ROHAN L. SHAW

91. Plaintiff NIA JASMINE REYNOLDS re-alleges Paragraphs 1 through 90 and incorporates them by reference as Paragraphs 1 through 90 of Count VI of this Complaint.

92. Plaintiff NIA JASMINE REYNOLDS alleges that at all relevant times Defendant ROHAN L. SHAW owed her a cognizable duty of care related to the safe operation of a motor vehicle in the state of New York.

93. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW breached this duty while operating his 2019 Nissan Sedan BEEF New York Registration in an intoxicated condition traveling in excess of seventy (70) miles per hour, colliding with a 2016 Mazda Sedan JKX 4145 New York Registration operated by Defendant KWESI VIDALE aka SHAWN WHITE at the corner of East 55th Street instantly killing Ms. Joanna Dixon and seriously injuring plaintiff.

94. Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW'S negligence caused her to sustain bleedings on the brain, a fractured skull, a left sphenoid sinus fracture, a right maxillary sinus fracture, right orbital wall fractures (superior and lateral), a fracture left clavicle, four broken ribs, liver laceration, lung contusions and other related injuries.

95. Plaintiff NIA JASMINE REYNOLDS alleges that she also suffers from hearing loss and frequent ringing in her right ear caused by a build-up of blood and cerumen.

96. Plaintiff NIA JASMINE REYNOLDS alleges that she remained hospitalized from December 8, 2019 through December 28, 2019.

97.     Plaintiff NIA JASMINE REYNOLDS alleges that since the accident, she has been unable to bear any weight on her legs or perform independently most regular daily tasks.

## COUNT VII
## PUNITIVE DAMAGES
### Defendant ROHAN L. SHAW

98.     Plaintiff NIA JASMINE REYNOLDS re-alleges Paragraphs 1 through 97 and incorporates them by reference as Paragraphs 1 through 97 of Count VII of this Complaint.

99.     Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW operated his 2019 Nissan Sedan BEEF New York Registration in an intoxicated condition traveling in excess of seventy (70) miles per hour, colliding with a 2016 Mazda Sedan JKX 4145 New York Registration operated by Defendant KWESI VIDALE aka SHAWN WHITE at the corner of East 55th Street instantly killing Ms. Joanna Dixon and seriously injuring plaintiff.

100.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW disregarded the safety of others on the road.

101.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW'S conduct constitutes aggravated and outrageous conduct in conscious disregard of substantial risk or harm to her and others.

102.    Plaintiff NIA JASMINE REYNOLDS alleges that she is entitled to a punitive damages award in a sum sufficient to punish Defendant ROHAN L. SHAW and to deter others from driving in an intoxicated condition.

## **JURY TRIAL**

103.    Plaintiff NIA JASMINE REYNOLDS demands a trial by jury of all issues in this action that are so triable.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff NIA JASMINE REYNOLDS demands compensatory and punitive damages from Defendants' THE CITY OF NEW YORK; KWESI VIDALE aka SHAWN WHITE and ROHAN L. SHAW including other available statutory remedies, both legal and equitable, interests and costs.

Dated: November 2, 2021
       New York, N.Y.

Respectfully submitted,

By: _____
Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com