UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------------x

NIA JASMINE REYNOLDS

                                 Plaintiff,

               -against-

THE CITY OF NEW YORK; BROOKLYN PRIME INC. dba
Brooklyn Prime Bar and Restaurant; LESLEY CADOGAN, as Owner,
Brooklyn Prime Bar and Restaurant; TERRI ANN WILLIAMSON, as
Manager, Brooklyn Prime Bar and Restaurant; ROBERT J.
DANTONE, as Captain, Police Department City of New York;
TERRENCE E. CREIGHTON, as Lieutenant, Police Department City
of New York; MICHAEL H. SOLOWITZ, as Lieutenant, Police
Department City of New York; CHRISTOPHER J. MULLER, as
Sergeant, Police Department City of New York; ROBERT GRELLA,
as Police Officer, Police Department City of New York; MAYER
SCHWARTZ, as Police Officer, Police Department City of New York;
PETER D. WOODBURN, as Police Officer, Police Department
City of New York; SEAN F. KELLEHER, as Police Officer, Police
Department City of New York, and ROHAN L. SHAW, each
Individual Defendant Sued in their individual and official capacities
as employees of Defendant THE CITY OF NEW YORK or Defendant
BROOKLYN PRIME, INC.

                             Defendants

-----------------------------------------------------------------------------------x

SECOND
AMENDED
COMPLAINT

21 cv 6111

Jury Trial Demand

       The Plaintiff NIA JASMINE REYNOLDS through her attorney THE SANDERS FIRM,

P.C., files this Second Amended Complaint against Defendants' THE CITY OF NEW YORK;

BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant; LESLEY CADOGAN;

TERRI ANN WILLIAMSON; ROBERT J. DANTONE; TERRENCE E. CREIGHTON;

MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER

SCHWARTZ; PETER D. WOODBURN; SEAN F. KELLEHER and ROHAN L. SHAW.

## INTRODUCTION

This is a federal civil rights action outlining several institutional failures within Defendant THE CITY OF NEW YORK, although it received repeated reports of motor vehicle accidents and complaints of ongoing speeding along Foster Avenue, an area comprised of ninety-five (95) percent Black residents that it could have implemented roadway design changes in the form of traffic calming measures to deter speeding and serious accidents. Moreover, despite community concerns supported with a comprehensive 2014 study, Defendant THE CITY OF NEW YORK failed to implement safety diet treatments rendering the corridor unsafe for pedestrian, vehicular and other traffic.

Plaintiff NIA JASMINE REYNOLDS alleges that Defendant THE CITY OF NEW YORK'S failure to implement safety diet treatments along Foster Avenue enabled Defendant ROHAN L. SHAW to operate his 2019 Nissan Sedan BEEF New York Registration in an intoxicated condition after leaving Defendant BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant @ 4315 Farragut Road Brooklyn, N.Y. 11203, traveling in excess of seventy (70) miles per hour on a public street, then colliding with a 2016 Mazda Sedan JKX 4145 New York Registration operated by Mr. Kwesi Vidale at the corner of East 55th Street killing Ms. Joanna Dixon and seriously injuring plaintiff. The motor vehicle accident was initially handled by NYPD personnel assigned to the 63rd Precinct, then handed off to the NYPD Highway Collision Investigation Squad.

Plaintiff NIA JASMINE REYNOLDS alleges that Defendants' ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN F. KELLEHER each violated section § 195.00 (2), of the New York Penal Law, Official Misconduct, in that they intentionally failed to activate their body worn camera while responding

to a crime in progress with a fatality involving Defendant ROHAN L. SHAW, failing to conduct a proper investigation including monitoring Defendant ROHAN L. SHAW while the NYPD Highway Collision Investigation Squad performs its investigation to assist him with trying to avoid criminal and civil responsibility.

Ultimately, Defendants' ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN F. KELLEHER succeeded, as Defendant ROHAN L. SHAW was never prosecuted for violating several sections of the New York State Penal, Vehicle and Traffic Law for the protection of public safety, including but not limited to Aggravated Vehicular Assault, Penal Law § 120.04(a), Reckless Endangerment in the First Degree, Penal Law § 120.25, Driving While Intoxicated, Vehicle and Traffic Law § 1192.3, Speeding in Excess of fifty-five (55) miles per hour, Vehicle and Traffic Law § 1180(b) and Reckless Driving, Vehicle and Traffic Law § 1212.

## JURISDICTION AND VENUE

1.  The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

        a.      the Civil Rights Act of 1871, 42 U.S.C. § 1983;

        b.      New York General Obligations Law § 11-101

        c.      Negligence Per Se; and

        d.      Negligence

## PROCEDURAL HISTORY

2.  Plaintiff NIA JASMINE REYNOLDS filed her initial federal complaint on November 3, 2021.

3

3. Plaintiff NIA JASMINE REYNOLDS filed her amended federal complaint on December 6, 2021.

4. On November 15, 2022, during the discovery process, Plaintiff NIA JASMINE REYNOLDS subpoenaed the NYPD Legal Bureau for records related to Defendant ROHAN L. SHAW including but not limited to: personnel records including training records, disciplinary history including any decisions, counseling unit records, etc.

5. Prior to Plaintiff NIA JASMINE REYNOLDS'S subpoena, Defendant THE CITY OF NEW YORK only disclosed a redacted version of the *alleged* investigation performed by the NYPD Highway Collision Investigation Squad.

6. On or about April 2, 2023, pursuant to the subpoena, Plaintiff NIA JASMINE REYNOLDS received more than five hundred (500) previously unknown electronic records including audio and video files indicating several investigations of Defendant ROHAN L. SHAW including the parallel internal investigation regarding the motor vehicle accident.

7. Based upon this newly discovered evidence, Plaintiff NIA JASMINE REYNOLDS files this Second Amended Complaint.

## PLAINTIFF

8. Plaintiff NIA JASMINE REYNOLDS is a female citizen, over twenty-one (21) and resides in Kings County.

## DEFENDANTS'

9. Defendant THE CITY OF NEW YORK is a municipal corporation with its central offices in the county of New York.

10.     Defendant BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant, is a Domestic Business Corporation registered on April 21, 2017, in the State of New York and operates a Caribbean bar restaurant located at 4315 Farragut Road Brooklyn, N.Y. 11203.

11.     Defendant LESLEY CADOGAN, as General Manager, Brooklyn Prime Bar and Restaurant. Upon information and belief, he is the sole owner of all outstanding issued shares of Defendant BROOKLYN PRIME, INC.

12.     Defendant TERRI ANN WILLIAMSON, as Manager, Brooklyn Prime Bar and Restaurant.

13.     Defendant ROBERT J. DANTONE, as Captain, Police Department City of New York.

14.     Defendant TERRENCE E. CREIGHTON, as Lieutenant, Police Department City of New York.

15.     Defendant MICHAEL H. SOLOWITZ, as Lieutenant, Police Department City of New York.

16.     Defendant CHRISTOPHER J. MULLER, as Sergeant, Police Department City of New York.

17.     Defendant ROBERT GRELLA, as Police Officer, Police Department City of New York.

18.     Defendant MAYER SCHWARTZ, as Police Officer, Police Department City of New York.

19.     Defendant PETER D. WOODBURN, as Police Officer, Police Department City of New York.

20.     Defendant SEAN F. KELLEHER, as Police Officer, Police Department City of New York. Note: Defendant SEAN F. KELLEHER was the "A" Delegate covering the midnight tour at the 63rd Precinct for the Police Benevolent Association for the City of New York.

21.     Defendant ROHAN L. SHAW. Note: Defendant ROHAN L. SHAW was an off-duty police officer appointed to the Police Department City of New York.

## BACKGROUND

### HISTORICAL TRAFFIC SAFETY ALONG THE FOSTER AVENUE CORRIDOR

22.     Plaintiff NIA JASMINE REYNOLDS alleges that according to the Census Tract 094401 the area of Foster Avenue and East 55th Street consists of ninety-five (95) percent Black residents.

23.     Plaintiff NIA JASMINE REYNOLDS alleges that on Foster Avenue from Kings Highway to Ralph Avenue, where unfortunately speeding, pedestrian and vehicular traffic accidents are commonplace.

24.     Plaintiff NIA JASMINE REYNOLDS alleges that in 2014, Defendant THE CITY OF NEW YORK presented a 2014 Foster Avenue Traffic Calming & Pedestrian Safety Improvements Report to Community Board No.: 18, with proposed safety diet treatments for Foster Avenue between Remsen Avenue and Kings Highway and Kings Highway to East 81st Steet and East 81st Street to East 88th Streets and Avenue D to Remsen Avenue.

25.     Plaintiff NIA JASMINE REYNOLDS alleges that if the proposed safety diet treatments are implemented, speeding, pedestrian and vehicular traffic safety would substantially improve.

26.     Plaintiff NIA JASMINE REYNOLDS alleges that since 2014, there is no credible evidence Defendant THE CITY OF NEW YORK ever implemented the proposed safety diet treatments.

### THE MOTOR VEHICLE ACCIDENT

27.     Plaintiff NIA JASMINE REYNOLDS alleges that on or about December 7, 2019, she met with friends for a birthday party at Tao Uptown 42 East 58th Street New York, N.Y. 10022.

28.     Plaintiff NIA JASMINE REYNOLDS alleges that among the guests were Ms. Dixon and Mr. Vidale.

29.     Plaintiff NIA JASMINE REYNOLDS alleges that the party continued until approximately 12 midnight.

30.     Plaintiff NIA JASMINE REYNOLDS alleges that she consumed no alcohol during dinner.

31.     Plaintiff NIA JASMINE REYNOLDS alleges that she does not recall if Mr. Vidale consumed any alcohol as she was not paying close attention to him.

32.     Plaintiff NIA JASMINE REYNOLDS alleges that she and Ms. Dixon left Tao Uptown and headed to Jouvay Night Club 147-02 Liberty Avenue Jamaica, N.Y. 11435. She rode in another friend's motor vehicle. Ms. Dixon rode with PJ and Mr. Vidale.

33.     Plaintiff NIA JASMINE REYNOLDS alleges that on or about December 8, 2019, the group remained until approximately 2:30 or 3:00 AM.

34.     Plaintiff NIA JASMINE REYNOLDS alleges that she consumed alcohol but, does not know if Mr. Vidale consumed any alcohol.

35.     Plaintiff NIA JASMINE REYNOLDS left with Mr. Vidale, PJ, and Ms. Dixon. She was seated in the rear passenger area directly behind Mr. Vidale.

36.     Plaintiff NIA JASMINE REYNOLDS alleges that Mr. Vidale was operating a 2016 Mazda Sedan JKX 4145 New York Registration.

37.     Plaintiff NIA JASMINE REYNOLDS alleges that the group headed to New York Tracks Café 1556 Ralph Avenue Brooklyn, N.Y. 11236.

38.     Plaintiff NIA JASMINE REYNOLDS alleges that Mr. Vidale was operating his vehicle normally and did not appear to be impaired.

39.     Plaintiff NIA JASMINE REYNOLDS alleges that the group remained until approximately 4:00 AM.

40.     Plaintiff NIA JASMINE REYNOLDS alleges that around 4:00 AM, she left New York Tracks Café with Mr. Vidale, Chadine, PJ and Ms. Dixon. She was seated in the rear passenger area directly behind Mr. Vidale.

41.     Plaintiff NIA JASMINE REYNOLDS alleges that after dropping Chadine off, she informed us that she left her purse at New York Tracks Café, so they returned to the location to retrieve her purse.

42.     Plaintiff NIA JASMINE REYNOLDS alleges that after Ms. Dixon was able to retrieve Chadine's purse, they headed towards plaintiff's home.

43.     Plaintiff NIA JASMINE REYNOLDS alleges that Mr. Vidale was traveling northbound on East 55th Street.

44.     Plaintiff NIA JASMINE REYNOLDS alleges that East 55th Street has two stop signs at the intersection.

45.     Plaintiff NIA JASMINE REYNOLDS alleges that Foster Avenue does not have traffic safety diet treatments.

46.     Plaintiff NIA JASMINE REYNOLDS alleges that as Mr. Vidale rolled through the stop sign, attempted to make a left-hand turn onto the westbound side of Foster Avenue, Defendant ROHAN L. SHAW operating his 2019 Nissan Sedan BEEF New York Registration in an intoxicated condition traveling in excess of seventy (70) miles per hour, collided with the driver side of Mr. Vidale's motor vehicle.

47.     Plaintiff NIA JASMINE REYNOLDS alleges that Mr. Vidale's motor vehicle came to a final rest on the northbound sidewalk of Foster Avenue.

48.     Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW'S motor vehicle came to a final rest just east of the intersection of Foster Avenue and East 55th Street.

49.     Plaintiff NIA JASMINE REYNOLDS alleges that Mr. Vidale fled the motor vehicle accident without rendering medical aid for her or Ms. Dixon.

50.     Plaintiff NIA JASMINE REYNOLDS alleges that Ms. Dixon was removed to Brookdale Hospital via FDNY Ambulance No.: 58D where she was pronounced deceased.

51.     Plaintiff NIA JASMINE REYNOLDS alleges that she was transported to Kings County Hospital in serious condition.

52.     Plaintiff NIA JASMINE REYNOLDS alleges that when the accident occurred, neither she nor Ms. Dixon were wearing a seatbelt.

53.     Plaintiff NIA JASMINE REYNOLDS alleges that she has no memory of the impact.

54. Plaintiff NIA JASMINE REYNOLDS alleges that she recalls awakening inside of Kings County Hospital as the medical personnel informed her that they needed to perform emergency surgery.

55. Plaintiff NIA JASMINE REYNOLDS alleges that she underwent a five-hour-long surgery to repair a crushed pelvis and a fractured sacrum.

56. Plaintiff NIA JASMINE REYNOLDS alleges that she also suffered bleeding on the brain, a fractured skull, a left sphenoid sinus fracture, a right maxillary sinus fracture, right orbital wall fractures (superior and lateral), a fracture left clavicle, four broken ribs, liver laceration, lung contusions and other related injuries.

57. Plaintiff NIA JASMINE REYNOLDS alleges that she also suffers from hearing loss and frequent ringing in her right ear caused by a build-up of blood and cerumen.

58. Plaintiff NIA JASMINE REYNOLDS alleges that she remained hospitalized from December 8, 2019 through December 28, 2019.

59. Plaintiff NIA JASMINE REYNOLDS alleges that since the accident, she has been unable to bear any weight on her legs or perform independently most regular daily tasks.

60. Plaintiff NIA JASMINE REYNOLDS alleges that while hospitalized, she learned Ms. Dixon passed away due to the motor vehicle accident.

61. Plaintiff NIA JASMINE REYNOLDS alleges that she also learned Mr. Vidale fled the scene.

62. Plaintiff NIA JASMINE REYNOLDS alleges that on or about December 9, 2019, she learned although Defendant ROHAN L. SHAW was initially charged with criminally negligent homicide, vehicular manslaughter, reckless driving, speeding, and driving while

impaired by alcohol, the Office of the District Attorney for Kings County declined to prosecute and claims to have been "continuing to investigate."

63.     Plaintiff NIA JASMINE REYNOLDS alleges that upon information and belief, the initial determination that Defendant ROHAN L. SHAW was intoxicated proved to be invalid because such Preliminary Breath Test (PBT) findings are inadmissible to prove impairment/intoxication.

64.     Plaintiff NIA JASMINE REYNOLDS alleges that upon information and belief, there was a significant delay seeking a search warrant to obtain Defendant ROHAN L. SHAW'S blood to establish legal intoxication.

65.     Plaintiff NIA JASMINE REYNOLDS alleges that the NYPD employees assigned to investigate the motor vehicle accident intentionally covered up Defendant ROHAN L. SHAW'S criminal conduct.

66.     Plaintiff NIA JASMINE REYNOLDS alleges that she has sustained a serious injury as defined in New York State Insurance Law § 5102(d).

67.     Plaintiff NIA JASMINE REYNOLDS alleges that the limitations on liability set forth in New York Civil Practice Law and Rules § 1601 do not apply to this action.

## DENIAL RIGHT OF ACCESS TO COURTS

68.     Plaintiff NIA JASMINE REYNOLDS alleges that on November 15, 2022, during the discovery process, she subpoenaed the NYPD Legal Bureau for records related to Defendant ROHAN L. SHAW including but not limited to: personnel records including training records, disciplinary history including any decisions, counseling unit records, etc.

69.     Prior to Plaintiff NIA JASMINE REYNOLDS'S subpoena, Defendant THE CITY

OF NEW YORK only disclosed a redacted version of the *alleged* investigation performed by the

NYPD Highway Collision Investigation Squad.

70.     On or about April 2, 2023, pursuant to the subpoena, Plaintiff NIA JASMINE

REYNOLDS received more than five hundred (500) previously unknown electronic records

including audio and video files regarding Defendant ROHAN L. SHAW including the parallel

internal investigation about the handling of the motor vehicle accident.

71.     Plaintiff NIA JASMINE REYNOLDS alleges that the NYPD Legal Bureau

disclosed M-06-2340, a "M" designation indicates misconduct. Although only partially disclosed,

she can now establish that on or about November 12, 2006, Defendant ROHAN L. SHAW was

arrested for driving while under the influence and related charges. There's also an indication that he

was *allegedly* working without authorization as a security officer with Elite Investigations and

patronized a club within the confines of the 71st Precinct. The investigators did not establish those

locations. The circumstances of the previous motor vehicle accident and arrest is very similar to this

case.

72.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or

about November 14, 2006, Defendant ROHAN L. SHAW received five (5) department charges

essentially mirroring the arrest for driving while under the influence.

73.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or

about April 24, 2007, Defendant ROHAN L. SHAW pled guilty to VTL § 1192 Driving While

Ability Impaired. The Court then imposed: a ninety (90) day suspension of his driving privileges,

fined three hundred ($350) dollars, mandatory alcohol treatment and perform mandatory roll-call

instruction for members of the department for thirty-five (35) outgoing platoons regarding the consequences of driving while under the influence.

74.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that the disposition of the department charges is unknown.

75.     Plaintiff NIA JASMINE REYNOLDS alleges that the NYPD Legal Bureau partially disclosed NYPD Department Advocates Case No.: 2833/10.

76.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about May 2, 2013, Defendant ROHAN L. SHAW pled guilty to rate jumping a version of insurance fraud and penalized with the forfeiture of twenty-five (25) vacation days.

77.     Plaintiff NIA JASMINE REYNOLDS alleges that the NYPD Legal Bureau disclosed IAB C-2013-370, a "C" designation indicates the likelihood of sustaining criminal charges against the subject officer. Although only partially disclosed, she can now establish that Defendant ROHAN L. SHAW as one of several subject officers accused of criminal association through *alleged* drug sales, persons accused of a double homicide in the confines of the 60th Precinct and gang affiliations with the Bloods. The case was closed as "Unsubstantiated."

78.     Plaintiff NIA JASMINE REYNOLDS alleges that more importantly, the NYPD Legal Bureau disclosed IAB C-2019-355, a "C" designation indicates the likelihood of sustaining criminal charges against the subject officer. This is the investigation regarding the motor vehicle accident litigated here.

79.     Unbeknownst to Plaintiff NIA JASMINE REYNOLDS, the NYPD Internal Affairs Bureau performed a parallel investigation where crucial facts in this case can now be established: based upon GPS coordinates synched to Defendant ROHAN L. SHAW'S personal cellular telephone, she can establish his probable location(s) and movements prior to the motor vehicle

accident including the Defendant BROOKLYN PRIME Inc. dba Brooklyn Prime Bar and Restaurant; the high probability of his intoxication; the first phone call he placed to Defendant TERRI ANN WILLIAMSON, manager of Defendant BROOKLYN PRIME Inc. dba Brooklyn Prime Bar and Restaurant; the recorded 911 call placed by him reporting the motor vehicle accident; the numerous calls placed by him to Defendant TERRENCE E. CREIGHTON and the numerous coordinated acts of Defendants' BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant; LESLEY CADOGAN; TERRI ANN WILLIAMSON; ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN F. KELLEHER to deny plaintiff's right of access to courts, by failing to properly record and/or conceal evidence of Defendant ROHAN L. SHAW'S criminal conduct all but ensuring he will never be held criminally or civilly responsible.

80.     Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW cannot claim his personal cellular telephone was lost, missing, or stolen, which would be "false" because he used the mobile device to call 911.

81.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about December 7, 2019, Defendant ROHAN L. SHAW @ 2316 hours was inside or near the vicinity of Radisson JFK Airport and communicated with Police Officer Daniel Levy of the 113th Precinct. See Latitude 40.667238 Longitude -73.798672, 135-30 140th St, Jamaica, NY 11436.

82.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about December 7, 2019, Defendant ROHAN L. SHAW @ 2334 hours was inside or near the vicinity of 722 Van Siclen Avenue Brooklyn, N.Y. 11207 for more than an hour. See Latitude 40.66165 Longitude -73.886789, he contacted Ms. Kimberly McLeod.

14

83.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about December 8, 2019, Defendant ROHAN L. SHAW @ 0125 hours was inside of Defendant BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant (Caribbean restaurant with full-service bar) located at 4315 Farragut Road Brooklyn, N.Y. 11203 and remained there more than three (3) hours where he became intoxicated consuming alcohol prior to the motor vehicle accident. See Latitude 40.637223 Longitude -73.934959. The general manager is Defendant LESLEY CADOGAN and managed by Defendant TERRI ANN WILLIAMSON.

84.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about December 8, 2019, Defendant ROHAN L. SHAW @ 0454 hours he received a call from fiancée Ms. Kadian Merelan.

85.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about December 8, 2019, Defendant ROHAN L. SHAW @ 0454 hours was inside or near the vicinity of Public Storage 1534 Utica Avenue Brooklyn, N.Y. 11234. See Latitude 40.634704 Longitude -73.929272.

86.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that based upon Defendant ROHAN L. SHAW'S probable path of travel via Google Maps, he made a right turn onto Kings Highway and a left turn onto Foster Avenue.

87.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish within seconds, the impact occurred. The location of impact is approximately 0.7 miles southeast of Defendant BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant located at 4315 Farragut Road Brooklyn, N.Y. 11203.

88.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish based

upon the Crash Data downloaded from his motor vehicle, when Defendant ROHAN L. SHAW made a left turn onto Foster Avenue, he immediately accelerated to seventy-eight (78) miles per hour increasing to eighty-five (85) miles per hour, then approximately 2.5 seconds later, he first activated his brakes, slowing down to fifty-one (51) miles per hours when he impacted the 2016 Mazda Sedan JKX 4145 New York Registration operated by Mr. Vidale.

89.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that immediately after the impact, Defendant ROHAN L. SHAW used his personal cellular telephone to contact several people including the first call to Defendant TERRI ANN WILLIAMSON.

90.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that although not clear from the investigation in the sequence of calls, Defendant ROHAN L. SHAW used his personal cellular telephone to call 911 on a recorded line with slurred speech to report the motor vehicle accident but, never identifying himself as a member of the service as required by department policy.

91.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that the second through eleventh calls were made to his cousin Defendant TERRENCE E. CREIGHTON.

92.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that the twelfth call was made to fiancée Ms. Merelan.

93.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendant ROBERT J. DANTONE, Patrol Borough Brooklyn South Duty Captain, intentionally interfered with the criminal and serious misconduct investigations of Defendant ROHAN L. SHAW by failing to activate his body worn camera as required by department policy among other conduct. So, there are no video with audio observations depicting his alleged interactions with Defendant ROHAN L. SHAW while he was intoxicated assisting him with trying to avoid

criminal and civil responsibility.

94.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendant MICHAEL H. SOLOWITZ, First Platoon Commander of the 63rd Precinct, intentionally interfered with the criminal and serious misconduct investigations of Defendant ROHAN L. SHAW by failing to activate his body worn camera as required by department policy among other conduct. So, there are no video with audio observations depicting his alleged interactions with Defendant ROHAN L. SHAW while he was intoxicated assisting him with trying to avoid criminal and civil responsibility.

95.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendant TERRENCE E. CREIGHTON, Brooklyn South Gang Squad (Defendant ROHAN L. SHAW'S cousin), intentionally interfered with the criminal and serious misconduct investigations of Defendant ROHAN L. SHAW by communicating with him from the time of impact through the arrest processing including showing up to the crime scene and retrieving his off-duty Glock handgun assisting him with trying to avoid criminal and civil responsibility.

96.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendant CHRISTOPHER J. MULLER, First Platoon Squad Supervisor, 63rd Precinct, intentionally interfered with the criminal and serious misconduct investigations of Defendant ROHAN L. SHAW by failing to activate his body worn camera as required by department policy among other conduct. So, there are no video with audio observations depicting his alleged interactions with Defendant ROHAN L. SHAW while he was intoxicated assisting him with trying to avoid criminal and civil responsibility.

97.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendants' ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN

F. KELLEHER, 63rd Precinct, intentionally interfered with the criminal and serious misconduct investigations of Defendant ROHAN L. SHAW by failing to activate their body worn cameras as required by department policy among other conduct. So, there are no video with audio observations depicting their alleged interactions with Defendant ROHAN L. SHAW assisting him with trying to avoid criminal and civil responsibility.

98.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish the following as documented within the UF49 created by Defendant ROBERT J. DANTONE.

99.     Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about December 8, 2019, Defendants' PETER D. WOODBURN and MAYER SCHWARTZ assigned to 63 D (David) responded to multiple calls for a 10-53 (motor vehicle accident) with injuries at the intersection of Foster Avenue and East 55th Street in the county of Kings. They were the first NYPD personnel to arrive.

100.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that upon their arrival, Defendants' PETER D. WOODBURN and MAYER SCHWARTZ observed FDNY personnel trying to extricate her from inside of the 2016 Mazda Sedan JKX 4145 New York Registration operated by Mr. Vidale.

101.    Plaintiff NIA JASMINE REYNOLDS alleges that can now establish that upon their arrival, Defendants' PETER D. WOODBURN and MAYER SCHWARTZ observed Defendant ROHAN L. SHAW standing beside his 2019 Nissan Sedan BEEF New York Registration with extensive front-end damage where he identified himself as a member of the service.

102.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendant ROHAN L. SHAW allegedly told Defendants' PETER D. WOODBURN and

MAYER SCHWARTZ that he was traveling eastbound on Foster Avenue after having visited his "girlfriend," when the black Mazda collided with his auto.

103.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendant ROHAN L. SHAW'S version is "false" as the front-end damage to his 2019 Nissan Sedan BEEF New York Registration and driver side damage to the 2016 Mazda Sedan JKX 4145 New York Registration clearly indicate SHAW T-boned the other vehicle.

104.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that although required by department policy, Defendants' PETER D. WOODBURN and MAYER SCHWARTZ intentionally interfered with the criminal and serious misconduct investigations of Defendant ROHAN L. SHAW by failing to activate their body worn cameras as required by department policy among other conduct. So, there are no video with audio observations depicting their alleged interactions with Defendant ROHAN L. SHAW while intoxicated assisting him with trying to avoid criminal and civil responsibility.

105.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that the internal investigation never established this so-called "girlfriend" although she suspects Defendant ROHAN L. SHAW may be referring to Defendant TERRI ANN WILLIAMSON.

106.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that around 0504 hours, Defendant CHRISTOPHER J. MULLER responded to the scene with Defendant ROBERT GRELLA and met with Defendants' PETER D. WOODBURN and MAYER SCHWARTZ. Again, given the circumstances and seriousness of the motor vehicle accident, although required by department policy, none of the officers activated their body worn cameras consistent with department policy. So, there's no evidence of their conversations, observations, or an intoxicated Defendant ROHAN L. SHAW assisting him with trying to avoid

criminal and civil responsibility.

107.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendant CHRISTOPHER J. MULLER requested the response of the NYPD Highway Collision Investigation Squad and established a crime scene. Since he did not activate his body worn camera consistent with department policy, there's no evidence of his conversations, observations, or an intoxicated Defendant ROHAN L. SHAW assisting him with trying to avoid criminal and civil responsibility.

108.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendant MICHAEL H. SOLOWITZ responded to the location from the 63rd Precinct stationhouse.

109.    Plaintiff NIA JASMINE REYNOLDS alleges that can now establish that Defendants' MICHAEL H. SOLOWITZ and CHRISTOPHER J. MULLER "falsely" claimed they did not observe any indications that Defendant ROHAN L. SHAW was intoxicated and unfit for duty assisting him with trying to avoid criminal and civil responsibility.

110.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendants' MICHAEL H. SOLOWITZ and CHRISTOPHER J. MULLER given the circumstances and seriousness of the motor vehicle accident, although required by department policy, they intentionally failed to activate their body worn cameras to avoid recording evidence of the crime scene including Defendant ROHAN L. SHAW'S intoxication assisting him with trying to avoid criminal and civil responsibility.

111.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendant MICHAEL H. SOLOWITZ directed Defendant ROHAN L. SHAW to wait inside of his department vehicle unsupervised which is inconsistent with department policy. This

intentional action was designed to protect Defendant ROHAN L. SHAW and assisting him with trying to avoid criminal and civil responsibility.

112.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that despite the circumstances and seriousness of the motor vehicle accident, Defendant MICHAEL H. SOLOWITZ intentionally failed to activate this body worn camera as required by department policy, then questioned Defendant ROHAN L. SHAW alone in his department vehicle with the heat on. Where Defendant ROHAN L. SHAW allegedly told him that he was traveling eastbound on Foster Avenue after having visited his "girlfriend," when the black Mazda ran a stop sign and collided with his auto.

113.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendant ROHAN L. SHAW allegedly told Defendant MICHAEL H. SOLOWITZ that he had "one (1) shot of Patron two (2) hours prior to the accident."

114.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendant MICHAEL H. SOLOWITZ "falsely" claimed he did not smell alcohol while questioning Defendant ROHAN L. SHAW alone but, he did detect a "strong odor of cologne."

115.    Plaintiff NIA JASMINE REYNOLDS alleges that often, cologne is used as masking agent to cover the smell of alcohol.

116.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that Defendant MICHAEL H. SOLOWITZ directed Defendant SEAN F. KELLEHER to remain with ROHAN L. SHAW inside of his department vehicle unsupervised which is inconsistent with department policy. This intentional action was designed to protect Defendant ROHAN L. SHAW and assisting him with trying to avoid criminal and civil responsibility.

117.    Plaintiff NIA JASMINE REYNOLDS alleges that can now establish that despite

Defendants' ROBERT J. DANTONE; MICHAEL H. SOLOWITZ; CHRISTOPHER J.

MULLER; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN F. KELLEHER'S

"false" representations regarding their observations of Defendant ROHAN L. SHAW, about an

hour later, @ 0604 hours he failed the PBT (Preliminary Breath Test) administered by Police

Officer Matthew Grillo, NYPD Highway Collision Investigation Squad registering a BAC

(Blood Alcohol Count) as .108, noting a strong odor of alcohol and swaying.

118.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that @

0607 hours Deputy Inspector Jack Lewis, Patrol Borough Brooklyn South Duty Inspector

ordered Defendant ROHAN L. SHAW'S arrest and transport to IDTU (Intoxicated Driver

Testing Unit) inside of the 78th Precinct.

119.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that

Defendant CHRISTOPHER J. MULLER processed the arrest.

120.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that

although required by department policy, Defendant SEAN F. KELLEHER did not activate his

body worn camera to document the arrest and transport of Defendant ROHAN L. SHAW

assisting him with trying to avoid criminal and civil responsibility.

121.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that

although transported in a marked department vehicle, Defendant CHRISTOPHER J. MULLER'S

body worn camera was pointed towards the ceiling of the transporting vehicle instead of

recording Defendant ROHAN L. SHAW'S movements as required by department policy

assisting him with trying to avoid criminal and civil responsibility.

122.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that

Defendant ROHAN L. SHAW "falsely" claimed to Defendant CHRISTOPHER J. MULLER

that his firearm and shield were in his locker; meanwhile, earlier at the crime scene, Defendant TERRENCE E. CREIGHTON took custody of his off-duty Glock handgun and shield in violation of department policy.

123.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that upon arrival at the 78th Precinct, @ 0623 hours although required by department policy, Defendant SEAN F. KELLEHER did not activate his body worn camera to document Defendant ROHAN L. SHAW exiting the transporting vehicle and entering the 78th Precinct as required by department policy assisting him with trying to avoid criminal and civil responsibility.

124.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that upon arrival at the 78th Precinct, Defendant ROHAN L. SHAW was observed numerous times engaging in a chewing motion but, was never asked by Defendant CHRISTOPHER J. MULLER if he had anything in his mouth assisting him with trying to avoid criminal and civil responsibility.

125.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that eventually Defendant ROHAN L. SHAW was observed for a twenty (20) minute observation period by Police Officers Gregory R. Smith and Saurabh A. Shah, NYPD Highway.

126.    Plaintiff NIA JASMINE REYNOLDS alleges that @ 0716 hours, Police Officer Gregory R. Smith observed Defendant ROHAN L. SHAW had a moderate odor of alcohol, his eyes were watery and bloodshot, and he slurred his words.

127.    Plaintiff NIA JASMINE REYNOLDS alleges that @ 0716 hours, Police Officer Gregory R. Smith noted that Defendant ROHAN L. SHAW refused to participate in the Horizontal Gaze Nystagmus Test, the Coordination Tests and Refusal to Submit to Chemical Test. Additionally, noting on the Report of Refusal to Submit to Chemical Test sent to the New

23

York State Department of Motor Vehicles there was reasonable cause to believe to arrest because of a reportable accident, alcohol on breath and swaying.

128.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that several hours later, Defendant CHRISTOPHER J. MULLER made an application to the Criminal Court, County of Kings to withdraw the blood of Defendant ROHAN L. SHAW pursuant to VTL § 1194 (4)(a) and CPL §690.35. Sometime later, the application was granted.

129.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that @ 1310 hours, (more than eight (8) hours later) Defendant ROHAN L. SHAW had his blood drawn at Methodist Hospital by RN Aj D'Alberto under the supervision of Dr. Brett Schupack, observed by Captain Tao Chen, 71st Precinct and other NYPD personnel.

130.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about December 9, 2019, Defendants' MICHAEL H. SOLOWITZ and CHRISTOPHER J. MULLER both denied during an official department interview giving Defendant ROHAN L. SHAW gum, candy, or water.

131.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about December 9, 2019, the Office of the District Attorney, Kings County through Bureau Chief Craig Esswein declined prosecution for the following reasons: insufficient evidence to prove defendant was intoxicated/impaired, the initial responding officer (Defendant CHRISTOPHER J. MULLER) did not note any indication of impairment/intoxication and deemed defendant fit for duty, later and after defendant's PBT test, the officer (Defendant CHRISTOPHER J. MULLER) deemed defendant unfit for duty due to signs of impairment/intoxication, and the PBT test is inadmissible to prove impairment/intoxication.

132.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on

or about December 10, 2019, @ 0830 hours, the Office of the Chief Medical Examiner for the City of New York determined Defendant ROHAN L. SHAW'S blood contained Ethanol 0.01 g% (HSGC), and no other drugs detected.

133.　Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about December 16, 2019, Defendant ROHAN L. SHAW received five (5) department charges essentially mirroring the arrest for driving while under the influence.

134.　Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about January 23, 2020, Defendant TERRENCE E. CREIGHTON admitted during an official department interview that Defendant ROHAN L. SHAW communicated with him several times after the motor vehicle accident.

135.　Plaintiff NIA JASMINE REYNOLDS alleges that while on pre-separation leave, Defendant TERRENCE E. CREIGHTON admitted to responding to the crime scene @ 0545 hours in violation of department policy.

136.　Plaintiff NIA JASMINE REYNOLDS alleges that Defendant TERRENCE E. CREIGHTON admitted Defendant ROHAN L. SHAW handed him his off-duty Glock handgun in violation of department policy claiming he observed him "visibly distraught."

137.　Plaintiff NIA JASMINE REYNOLDS alleges that Defendant TERRENCE E. CREIGHTON *claimed* he entered the crime scene without notifying Defendants' ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ or any other supervisor which stretches "credulity." If true, that means Defendants' ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN F. KELLEHER failed to secure the crime scene consistent with department policy.

138.    Plaintiff NIA JASMINE REYNOLDS alleges she can now establish that on or about March 1, 2020, Captain Dawit Fikru, Internal Affairs Group No.: 10, recommended Defendant TERRENCE E. CREIGHTON receive department charges for violating Patrol Guide No.: 203-10, Prohibited Conduct, for impeding an active NYPD Highway Collision Investigation Squad investigation.

139.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about March 5, 2020, Defendant ROHAN L. SHAW appeared before the New York City Police Pension Fund and filed an application to receive his Service Retirement Pension, Terminal Leave was to commence on April 3, 2020.

140.    Plaintiff NIA JASMINE REYNOLDS alleges she can now establish that on or about April 7, 2020, Defendant THE CITY OF NEW YORK the NYPD Department Advocate's Office filed amended department charges against Defendant ROHAN L. SHAW essentially mirroring the arrest for driving while under the influence.

141.    Plaintiff NIA JASMINE REYNOLDS alleges she can now establish that on or about April 8, 2020, Captain Dawit Fikru, Internal Affairs Group No.: 10, recommended Defendant MICHAEL H. SOLOWITZ receive department charges for violating Patrol Guide No.: 212-12, Use of Body Cameras for failing to activate his body worn camera while responding to a crime in progress with a fatality involving Defendant ROHAN L. SHAW and 203-10, Prohibited Conduct, for failing to conduct a proper investigation including monitoring Defendant ROHAN L. SHAW while the NYPD Highway Collision Investigation Squad performs its investigation.

142.    Plaintiff NIA JASMINE REYNOLDS alleges she can now establish that on or about April 8, 2020, Captain Dawit Fikru, Internal Affairs Group No.: 10, recommended Defendant CHRISTOPHER J. MULLER receive department charges for violating Patrol Guide No.: 212-12,

Use of Body Cameras for failing to activate his body worn camera while responding to a crime in progress with a fatality involving Defendant ROHAN L. SHAW and 203-10, Prohibited Conduct, for failing to conduct a proper investigation including monitoring Defendant ROHAN L. SHAW while the NYPD Highway Collision Investigation Squad performs its investigation.

143. Plaintiff NIA JASMINE REYNOLDS alleges she can now establish that on or about April 24, 2020, citing Commanding Officer's Discretion among other things, recommended Defendant MICHAEL H. SOLOWITZ'S failure to follow department policy adjudicated as a Schedule A Command Discipline.

144. Plaintiff NIA JASMINE REYNOLDS alleges she can now establish that on or about April 24, 2020, citing Commanding Officer's Discretion among other things, recommended Defendant CHRISTOPHER J. MULLER'S failure to follow department policy adjudicated as a Schedule A Command Discipline.

145. Plaintiff NIA JASMINE REYNOLDS alleges she can now establish that on or about April 24, 2020, citing Commanding Officer's Discretion among other things, recommended Defendant TERRENCE E. CREIGHTON'S failure to follow department policy adjudicated as a Schedule A Command Discipline.

146. Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about May 11, 2020, Ms. Kimberly McLeod was interviewed via telephone by the NYPD Internal Affairs Bureau. Ms. McLeod admitted to knowing a Rohan but upon further inquiry declined to assist with the internal investigation.

147. Plaintiff NIA JASMINE REYNOLDS alleges she can now establish that on or about May 15, 2020, Captain Dawit Fikru, Internal Affairs Group No.: 10, recommended disciplinary action against Defendants' ROBERT GRELLA; MAYER SCHWARTZ and PETER D.

WOODBURN for violating Patrol Guide No.: 212-12, Use of Body Cameras for failing to activate their body worn cameras while responding to a crime in progress with a fatality involving Defendant ROHAN L. SHAW with a Letter of Instruction.

148.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that on or about March 16, 2021, Defendant TERRI ANN WILLIAMSON was interviewed inside of Defendant BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant (Caribbean restaurant with full-service bar) located at 4315 Farragut Road Brooklyn, N.Y. 11203, by investigators from the NYPD Internal Affairs Bureau.

149.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendant TERRI ANN WILLIAMSON "falsely" denied not knowing Defendant ROHAN L. SHAW nor anything about the motor vehicle accident despite his cellphone records indicating she was the first called immediately after the motor vehicle accident.

150.    Plaintiff NIA JASMINE REYNOLDS alleges that she can now establish that despite the seriousness of the conduct, no police officer received significant penalties. Defendant ROBERT J. DANTONE wasn't disciplined. Defendants' TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ and CHRISTOPHER MUELLER each received a Schedule A Command Discipline and penalized two (2) days loss of vacation. Defendants' PETER D. WOODBURN; MAYER SCHWARTZ and ROBERT GRELLA received Letters of Instruction. Defendant SEAN F. KELLEHER received no form of discipline.

151.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendants' ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN F. KELLEHER each violated section § 195.00 (2), of the New York Penal Law, Official

Misconduct, in that they intentionally failed to activate their body worn camera while responding to a crime in progress with a fatality involving Defendant ROHAN L. SHAW, failing to conduct a proper investigation including monitoring Defendant ROHAN L. SHAW while the NYPD Highway Collision Investigation Squad performs its investigation to assist him with trying to avoid criminal and civil responsibility.

152. Plaintiff NIA JASMINE REYNOLDS alleges that Defendants' ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN F. KELLEHER were never criminally charged for their conduct.

153. Plaintiff NIA JASMINE REYNOLDS alleges that Defendants' ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN F. KELLEHER succeeded, as Defendant ROHAN L. SHAW was never prosecuted for violating several sections of the New York State Penal, Vehicle and Traffic Law for the protection of public safety, including but not limited to Aggravated Vehicular Assault, Penal Law § 120.04(a), Reckless Endangerment in the First Degree, Penal Law § 120.25, Driving While Intoxicated, Vehicle and Traffic Law § 1192.3, Speeding in Excess of fifty-five (55) miles per hour, Vehicle and Traffic Law § 1180(b) and Reckless Driving, Vehicle and Traffic Law § 1212.

**COUNT I**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

154. Plaintiff NIA JASMINE REYNOLDS re-alleges Paragraphs 1 through 153 and incorporates them by reference as Paragraphs 1 through 153 of Count I of this Second Amended Complaint.

155.    Plaintiff NIA JASMINE REYNOLDS alleges that although Defendant THE CITY OF NEW YORK received repeated reports of motor vehicle accidents and complaints of ongoing speeding along Foster Avenue, an area comprised of ninety-five (95) percent Black residents that it could have implemented roadway design changes in the form of traffic calming measures to deter speeding and serious accidents.

156.    Plaintiff NIA JASMINE REYNOLDS alleges that despite community concerns supported with a comprehensive 2014 study, Defendant THE CITY OF NEW YORK failed to implement the necessary safety diet treatments rendering the corridor unsafe for pedestrian, vehicular and other traffic in violation of her constitutional rights to freedom of movement, Title VI of the Civil Rights Act of 1964 and the Fourteenth Amendment by intentionally neglecting to maintain the public roadway because the Foster Avenue corridor passes through an area primarily populated with Black residents.

157.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendant THE CITY OF NEW YORK'S failure to implement safety diet treatments along Foster Avenue enabled Defendant ROHAN L. SHAW to operate his 2019 Nissan Sedan BEEF New York Registration in an intoxicated condition after leaving Defendant BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant @ 4315 Farragut Road Brooklyn, N.Y. 11203, traveling in excess of seventy (70) miles per hour on a public street, then colliding with a 2016 Mazda Sedan JKX 4145 New York Registration operated by Mr. Vidale at the corner of East 55th Street killing Ms. Dixon and seriously injuring plaintiff.

158.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendants' ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN

F. KELLEHER each violated section § 195.00 (2), of the New York Penal Law, Official Misconduct, in that they intentionally failed to activate their body worn camera while responding to a crime in progress with a fatality involving Defendant ROHAN L. SHAW, failing to conduct a proper investigation including monitoring Defendant ROHAN L. SHAW while the NYPD Highway Collision Investigation Squad performs its investigation to assist him with trying to avoid criminal and civil responsibility.

159.    Plaintiff NIA JASMINE REYNOLDS alleges that ultimately, Defendants' ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN F. KELLEHER succeeded, as Defendant ROHAN L. SHAW was never prosecuted for violating several sections of the New York State Penal, Vehicle and Traffic Law for the protection of public safety, including but not limited to Aggravated Vehicular Assault, Penal Law § 120.04(a), Reckless Endangerment in the First Degree, Penal Law § 120.25, Driving While Intoxicated, Vehicle and Traffic Law § 1192.3, Speeding in Excess of fifty-five (55) miles per hour, Vehicle and Traffic Law § 1180(b) and Reckless Driving, Vehicle and Traffic Law § 1212.

160.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendant THE CITY OF NEW YORK was aware of Defendants' ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN F. KELLEHER violating her constitutional rights to equal application of the laws under the Fourteenth Amendment yet, acquiesced to their criminal conduct, failing to prosecute and terminate them.

161.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendant THE CITY OF NEW YORK'S actions under color of law, caused her to sustain significant damages, including serious physical injuries, loss of income and other related costs and damages.

**COUNT II**
**DENIAL RIGHT OF ACCESS TO COURTS**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

162.    Plaintiff NIA JASMINE REYNOLDS re-alleges Paragraphs 1 through 161 and incorporates them by reference as Paragraphs 1 through 161 of Count II of this Second Amended Complaint.

163.    Plaintiff NIA JASMINE REYNOLDS alleges that following the motor vehicle accident, Defendants' ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN F. KELLEHER in their official capacities, individually and collectively engaged in actions under color of law, depriving her of constitutional rights to hold Defendant ROHAN L. SHAW criminally and civilly accountable for his actions.

164.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendants' ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN F. KELLEHER each violated section § 195.00 (2), of the New York Penal Law, Official Misconduct, in that they intentionally failed to activate their body worn camera while responding to a crime in progress with a fatality involving Defendant ROHAN L. SHAW, failing to conduct a proper investigation including monitoring Defendant ROHAN L. SHAW while the NYPD Highway Collision Investigation Squad performs its investigation to assist him with trying to avoid criminal and civil responsibility.

32

165.    Plaintiff NIA JASMINE REYNOLDS alleges that ultimately, Defendants'

ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ;

CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D.

WOODBURN and SEAN F. KELLEHER succeeded, as Defendant ROHAN L. SHAW was

never prosecuted for violating several sections of the New York State Penal, Vehicle and Traffic

Law for the protection of public safety, including but not limited to Aggravated Vehicular

Assault, Penal Law § 120.04(a), Reckless Endangerment in the First Degree, Penal Law §

120.25, Driving While Intoxicated, Vehicle and Traffic Law § 1192.3, Speeding in Excess of

fifty-five (55) miles per hour, Vehicle and Traffic Law § 1180(b) and Reckless Driving, Vehicle

and Traffic Law § 1212.

166.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendants' ROBERT J.

DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J.

MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN

F. KELLEHER violated her constitutional rights to equal application of the laws under the

Fourteenth Amendment and her right of equal access to the court.

167.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendants' ROBERT J.

DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J.

MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN and SEAN

F. KELLEHER'S actions under color of law, caused her to sustain significant damages,

including serious physical injuries, loss of income and other related costs and damages.

### COUNT III
### DRAM SHOP ACT
### NEW YORK GENERAL OBLIGATIONS LAW § 11-101

168.    Plaintiff NIA JASMINE REYNOLDS re-alleges paragraphs 1 through 167 and incorporates them by reference as paragraphs 1 through 167 of Count III of this Second Amended Complaint.

169.    Defendants' LESLEY CADOGAN and TERRI ANN WILLIAMSON, as agents, servants and/or employees of Defendants' BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant, acting at the direction, supervision and/or control of Defendant BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant, took part in the commercial sale of liquor to Defendant ROHAN L. SHAW.

170.    The sale of the liquor was unlawful in that, at the time of the sale, Defendant ROHAN L. SHAW was visibly intoxicated.

171.    Despite Defendant ROHAN L. SHAW'S intoxicated state, Defendants' LESLEY CADOGAN and TERRI ANN WILLIAMSON, as sellers, servers, bartenders, waiters, maître d's, hosts and/or hostesses, continued to cause or contribute to the selling, assisting, or procuring of alcohol to Defendant ROHAN L. SHAW.

172.    The sale of the liquor caused or contributed to Defendant ROHAN L. SHAW'S intoxication.

173.    Plaintiff NIA JASMINE REYNOLDS sustained serious injuries and losses as a direct result of the actions of Defendant ROHAN L. SHAW as an intoxicated person.

174.    Because of the foregoing reasons, Defendants' BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant and Defendants' LESLEY CADOGAN and TERRI ANN WILLIAMSON are liable for the injuries and other losses sustained resulting from Defendant ROHAN L. SHAW'S actions while intoxicated.

## COUNT IV
## NEGLIGENCE PER SE
## Defendant ROHAN L. SHAW

175.     Plaintiff NIA JASMINE REYNOLDS re-alleges Paragraphs 1 through 174 and incorporates them by reference as Paragraphs 1 through 174 of Count IV of this Second Amended Complaint.

176.     Plaintiff NIA JASMINE REYNOLDS alleges that at all relevant times Defendant ROHAN L. SHAW owed a duty to comply with applicable statutes, regulations and rules related to the safe operation of a motor vehicle in the state of New York.

177.     Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW'S operation and use of the motor vehicle he was operating violated several sections of the New York State Penal, Vehicle and Traffic Law for the protection of public safety, including but not limited to Aggravated Vehicular Assault, Penal Law § 120.04(a), Reckless Endangerment in the First Degree, Penal Law § 120.25, Driving While Intoxicated, Vehicle and Traffic Law § 1192.3, Speeding in Excess of fifty-five (55) miles per hour, Vehicle and Traffic Law § 1180(b) and Reckless Driving, Vehicle and Traffic Law § 1212.

178.     Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW breached this duty while operating his 2019 Nissan Sedan BEEF New York Registration in an intoxicated condition after leaving Defendants' BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant @ 4315 Farragut Road Brooklyn, N.Y. 11203, traveling in excess of seventy (70) miles per hour on a public street, then colliding with a 2016 Mazda Sedan JKX 4145 New York Registration operated by Mr. Vidale at the corner of East 55th Street killing Ms. Dixon and seriously injuring plaintiff.

179.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW'S negligence caused her to sustain bleeding on the brain, a fractured skull, a left sphenoid sinus fracture, a right maxillary sinus fracture, right orbital wall fractures (superior and lateral), a fracture left clavicle, four broken ribs, liver laceration, lung contusions and other related injuries.

180.    Plaintiff NIA JASMINE REYNOLDS alleges that she also suffers from hearing loss and frequent ringing in her right ear caused by a build-up of blood and cerumen.

181.    Plaintiff NIA JASMINE REYNOLDS alleges that she remained hospitalized from December 8, 2019 through December 28, 2019.

182.    Plaintiff NIA JASMINE REYNOLDS alleges that since the accident, she has been unable to bear any weight on her legs or perform independently most regular daily tasks.

183.    Plaintiff NIA JASMINE REYNOLDS alleges that at the time of the accident, she was a member of the class intended to benefit by the statutes.

184.    Plaintiff NIA JASMINE REYNOLDS alleges that at the time of the accident, the statutes are intended to protect against the very hazards that caused her injuries.

**COUNT V**
**NEGLIGENCE**
**Defendant ROHAN L. SHAW**

185.    Plaintiff NIA JASMINE REYNOLDS re-alleges Paragraphs 1 through 184 and incorporates them by reference as Paragraphs 1 through 184 of Count V of this Second Amended Complaint.

186.    Plaintiff NIA JASMINE REYNOLDS alleges that at all relevant times Defendant ROHAN L. SHAW owed her a cognizable duty of care related to the safe operation of a motor vehicle in the state of New York.

187.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW breached this duty while operating his 2019 Nissan Sedan BEEF New York Registration in an intoxicated condition after leaving Defendants' BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant @ 4315 Farragut Road Brooklyn, N.Y. 11203, traveling in excess of seventy (70) miles per hour on a public street, then colliding with a 2016 Mazda Sedan JKX 4145 New York Registration operated by Mr. Vidale at the corner of East 55th Street killing Ms. Dixon and seriously injuring plaintiff.

188.    Plaintiff NIA JASMINE REYNOLDS alleges that Defendant ROHAN L. SHAW'S negligence caused her to sustain bleeding on the brain, a fractured skull, a left sphenoid sinus fracture, a right maxillary sinus fracture, right orbital wall fractures (superior and lateral), a fracture left clavicle, four broken ribs, liver laceration, lung contusions and other related injuries.

189.    Plaintiff NIA JASMINE REYNOLDS alleges that she also suffers from hearing loss and frequent ringing in her right ear caused by a build-up of blood and cerumen.

190.    Plaintiff NIA JASMINE REYNOLDS alleges that she remained hospitalized from December 8, 2019 through December 28, 2019.

191.    Plaintiff NIA JASMINE REYNOLDS alleges that since the accident, she has been unable to bear any weight on her legs or perform independently most regular daily tasks.

## JURY TRIAL

192.    Plaintiff NIA JASMINE REYNOLDS demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff NIA JASMINE REYNOLDS demands compensatory and punitive damages jointly and severally from Defendants' THE CITY OF NEW YORK; BROOKLYN PRIME INC. dba Brooklyn Prime Bar and Restaurant; LESLEY CADOGAN; TERRI ANN WILLIAMSON; ROBERT J. DANTONE; TERRENCE E. CREIGHTON; MICHAEL H. SOLOWITZ; CHRISTOPHER J. MULLER; ROBERT GRELLA; MAYER SCHWARTZ; PETER D. WOODBURN; SEAN F. KELLEHER and ROHAN L. SHAW including other available statutory remedies, both legal and equitable, interests and costs.

Dated:  May 10, 2023
        New York, N.Y.

Respectfully submitted,

By: _____
    Eric Sanders (ES0224)

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
30 Wall Street, 8th Floor
New York, NY 10005
(212) 652-2782 (Business Telephone)
(212) 652-2783 (Facsimile)

Website: http://www.thesandersfirmpc.com